Lynn S. Walsh, OSB #924955
email: lynn@lynnwalshlaw.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ARIYAN GHADIRI,<br><br>                Plaintiff,<br><br>vs.<br><br>NAPHCARE, INC., KRISTIN TAUB, NP, JESUS LEGARDA ORNELAS, NP and STATE OF OREGON,<br><br>                Defendants. | NO.<br><br>COMPLAINT<br>Civil Rights Action (42 U.S.C. § 1983); Negligence<br><br>DEMAND FOR JURY TRIAL |

This is a Civil Rights action with pendent state claims for negligence concerning the defendants' deliberate indifference to a prisoner in the Washington County Jail, with the indifference continuing by Oregon Department of Corrections medical staff, for failure to treat an infected fistula while at the jail and the Oregon prisons.

**JURISDICTION**

Page 1    COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§ 1983 and 12101 et seq., 29 U.S.C. § 794, and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Pendent jurisdiction is asserted for separate state law claims under 28 U.S.C. § 1367.

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, many of the acts and practices alleged herein occurred in Washington County.

## PARTIES

3. Plaintiff Ariyan Ghadiri is an adult currently residing in Washington County, Oregon.

4. Defendant Naphcare, Inc. is a corporation with its principal office in Birmingham, Alabama. It is registered to do business in Oregon. Naphcare is in the business of providing community standard medical care to correctional facilities and provides medical care to adults in custody at the Washington County Jail.

5. Defendant Kristen Taub, NP is an employee of Naphcare and works at the Washington County Jail. She is sued in her individual capacity.

6. Defendant Jesus Legarda Ornelas is a nurse practitioner and works for the State of Oregon at Coffee Creek Correctional Facility. He is sued in his individual capacity.

7. The State of Oregon is obligated to provide community standard medical care to its patients lodged in the Oregon Department of Corrections (ODOC), an agency of the State of Oregon.

8. At all times relevant, defendants acted under color of state law.

Page 2    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

## FACTUAL ALLEGATIONS

9. Plaintiff was booked into the Washington County Jail in on or about November 7, 2023.

10. On November 8, 2023, plaintiff reported to the medical department that he has an abscess in his gluteal area. Specifically, he was suffering from an anal fistula. He was seen by NP Kristen Taub. NP Taub noted some symptoms that may be consistent with infection and performed an incision and drainage. She applied light packing and bandaged the wound. She ordered Wound Care once daily until November 21, 2023. She did not measure the wound, nor did she swab the wound to send out for testing for infection. She did send a sample out for virus testing which was negative.

11. Plaintiff received the ordered Wound Care on November 9, 2023, but there are no records indicating that he received Wound Care on November 10 or 11, 2023.

12. On November 12, 2023, plaintiff reported to a nurse during "med pass" that his wound appears to be healing or closing around the packing. Because it was too late to bring plaintiff to medical treatment, the nurse passed it on to dayshift to check on the wound and provide treatment.

13. On November 16, 2023, a nurse noted that "Pt wound area dry. No bandage applied, area is closed."

14. On November 17, 2023, a nurse noted that "no wound noted to perform wound care. unsure if you would still like nursing staff to perform wound care or monitor it?" Apparently, the wound healed over the packing.

Page 3   COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

15. On November 30, 2022, NP Taub saw plaintiff again, yet there is nothing in the progress note regarding following up regarding the incision and drainage of the abscess.

16. Plaintiff was released from jail and transferred to Coffee Creek Intake Center (CCIC) on December 1, 2022.

17. CCIC is located in the Coffee Creek Correctional Facility (CCCF), a prison of the Oregon Department of Corrections.

18. At the time of his transfer to CCIC, plaintiff still had the packing in his wound.

19. On December 4, 2022, plaintiff reported to a nurse at CCCF that he was bleeding from his rectum. The nurse noted a "Rectal abscess draining blood and pus with a black thing trying to come out." She scheduled him to see a "provider" the next day.

20. At ODOC, a "provider" is typically a nurse practitioner, a medical doctor, or a doctor of osteopathic medicine. In this case, the "provider" was Nurse Pracitioner Legarda Ornelas (who signs his name using only Legarda, so will be referred to as NP Legarda in this Complaint)

21. Although there is no progress note on December 5, 2022 from NP Legarda, he did order some antibiotic ointment.

22. NP Legarda presented plaintiff's case to the TLC committee on December 12, 2022, and the committee approved a surgical consult on December 15, 2022.

23. On December 14, 2022, a culture test was ordered by the Medical Director, Dr. Roberts, which revealed that plaintiff had a Methicillin Resistant Staphylococcus Aureus (MRSA) infection.

Page 4     COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

24. NP Legarda prescribed Doxycycline, a cheap drug which is not the best drug for the treatment of MRSA.

25. MRSA is a dangerous condition that can lead to sepsis, amputations and death.

26. Yet, even though the surgical consultation was approved, and plaintiff had a dangerous MRSA infection, NP Legarda did not fill out the surgical consult form until December 20, 2022, and marked the box Routine, which means schedule in less than six weeks out.

27. No meaningful medical care took place the rest of plaintiff's stay at CCIC. He was transferred to Oregon State Penitentiary (OSP) on January 17, 2023.

28. Plaintiff continued to complain to OSP medical staff regarding the anal fistula and he was now experiencing abdominal pain and nausea and vomiting.

29. Dr. Ben Smith assessed plaintiff on January 20, 2023, and prescribed Oxycodone for plaintiff's pain.

30. Later in the day on January 20, 2023, plaintiff suffered "man down" and was sent to the Salem Health Emergency Department. He was admitted for left infected perianal fistula. He received a fistulotomy with excision and debridement, and spent four days in the hospital.

31. Plaintiff has incurred several more surgeries, and he continues to incur medical bills as a result of the lack of adequate medical care provided by the defendants.

**FIRST CAUSE OF ACTION**

**(Civil Rights 42 U.S.C. § 1983 Against Defendant Taub)**

32. Plaintiff realleges paragraphs 1-31.

Page 5        COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

33. Defendant Taub was deliberately indifferent in the following ways:

    a. In performing an incision and drainage of an anal fistula which should have been done by a qualified surgeon,

    b. In failing to refer plaintiff to a surgeon,

    c. In failing to do any follow-up after performing an incision and drainage on the anal fistula,

    d. In failing to remove the gauze from plaintiff's anus,

    e. In failing to read the medical records which noted that the wound had most likely healed over the gauze, and

    f. In failing to swab and culture the wound to test for infection.

34. Defendant Taub's conduct was deliberately indifferent to the serious medical needs of plaintiff, thus violating plaintiff's right to due process of law under the Fourteenth and Eighth Amendments to the United States Constitution.

35. As a result of Taub's violations of plaintiff's Constitutional rights, he has suffered a MRSA infection and multiple surgeries, and he still needs additional surgery. Accordingly, plaintiff is entitled to economic and noneconomic damages in an amount to be determined at trial for the violation of 42 U.S.C. § 1983, and plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**

**(Negligence- Against Defendant Naphcare)**

36. Plaintiff re-alleges paragraphs 1-35.

Page 6   COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

37. The agents and employees of Defendant Naphcare were negligent in the following particulars:

    a. In failing to recognize that plaintiff suffered from an anal fistula;

    b. In failing to refer plaintiff to a qualified medical provider who could treat the anal fistula;

    c. In performing an incision and drainage on a wound for which they were not qualified to treat;

    d. In failing to culture the wound to test for an infection;

    e. In failing to remove the gauze after the incision and drainage; and

    f. In failing to take any action once plaintiff reported that the wound had healed over the gauze

38. Naphcare's agents and employees knew, or should have known, that their acts and omissions would result in a foreseeable risk of harm to plaintiff.

39. Naphcare's agents and employees' conduct was unreasonable in light of the risk of harm to plaintiff.

40. As a direct and proximate result of the employees and agents of Naphcare's acts or omissions, plaintiff has had to endure multiple surgeries, has incurred medical bills, and has suffered non-economic damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(Civil Rights 42 U.S.C. § 1983 Against Defendant Lagarda)**

41. Plaintiff realleges paragraphs 1-31.

Page 7    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

42. Defendant Legarda was deliberately indifferent in the following ways:

    a. In failing to provide timely medical treatment of the fistula,

    b. In failing to monitor plaintiff,

    c. In failing to promptly order surgery,

    d. In failing to promptly test for infection, and

    e. In failing to refer plaintiff to a qualified medical provider.

43. Defendant LaGarda's conduct was deliberately indifferent to the serious medical needs of plaintiff, thus violating plaintiff's right to due process of law under the Eighth Amendment to the United States Constitution.

44. As a result of defendant LaGarda's violations of plaintiff's Constitutional rights, he has suffered a MRSA infection and multiple surgeries, and he still needs additional surgery. Accordingly, plaintiff is entitled to economic and noneconomic damages in an amount to be determined at trial for the violation of 42 U.S.C. § 1983, and plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### (Negligence – State of Oregon)

45. Plaintiff realleges paragraphs 1-31.

46. Plaintiff provided a timely tort claim notice sometime before June 26, 2023 (the date of acknowledgement by the state).

47. Defendant State of Oregon's employees and agents were negligent in one or more of the following particulars:

    a. In failing to provide timely and appropriate treatment for the anal fistula;

Page 8    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

  b.  In causing unnecessary and unreasonable delay of plaintiff's ordered surgery; and

  c.  In failing to timely diagnose and treat the MRSA infection.

48. The State of Oregon's agents and employees violated their duty to use that degree of care, skill and diligence that is used by ordinarily careful medical providers in the same or similar circumstances in the community or similar community.

49. As a direct and proximate result of the State of Oregon's employees and agents' acts or omissions, plaintiff has suffered economic and noneconomic damages in an amount to be determined at trial.

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for economic and non-economic damages in an amount to be determined at trial,

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983, and

c. For such other and further relief as may appear just and appropriate.

DATED: November 8, 2024  /s/ Lynn S. Walsh
            Lynn S. Walsh, OSB #92495
            (503)790-2772
            lynn@lynnwalshlaw.com
            Attorney for plaintiff

Page 9 COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com